Next, we'll hear argument in Appeal No. 06-7382, Johnson v. Department of Veterans' Affairs. Mr. Carpenter, good morning to you. Welcome back. We see you here on a regular basis, but I want to start with a question. If there was an injury that aggravated a pre-existing condition, it shall be presumed to have been aggravated unless there was no increase or it was the natural progression. Once there is an injury, and— But wasn't there a finding of no increase here? No, there was not, Your Honor. Over which we have no jurisdiction? No, there was not, Your Honor, and that's the problem here. Neither the 1984 decision nor the board decision which was appealed on the denial of the request for revision made such a finding that there was no increase. And in fact, what the lower court did was to infer that there was necessarily a finding. A review of the record reveals that the presumption was not triggered in 1984. Well, how else would it have been triggered? And that is simply a misstatement of both fact and law. It was undisputably triggered because there was an injury at page 73 of the joint appendix in the 1984 board decision. For which he was compensated, right? No, no, no, no. He was not compensated in 1984. In 1984, he was denied compensation. Oh, but he got it later. He got it later. On the same set of facts. And what happened in 1984 was, is that the board expressly found that there was an injury in, I believe it was the 18th of March, 1982, and he was hospitalized on March 30, 1982. In the joint appendix at page 42, it expressly says from that March 30 hospital report that there was an increase in his back pain. That occurred while he was on active duty for training. But Mr. Carver... Is that back pain the same thing as a showing of increased disability? It seems to me the board found that in 1984 there was no showing of increased disability. But that's not what they found. They found that the presumption had not been triggered. And that is legally incorrect. It was triggered by the occurrence of an aggravation of a pre-existing injury. He had the injury while operating the forklift, which resulted in pain, to a pre-existing back condition, which resulted in an increase in pain over time. Mr. Carpenter, in your reply brief, you put what seems to me to be the nut of your argument as follows. As a matter of law, the presumption is triggered when there was an injury sustained during his period of active duty service. That's correct. That's your position. That's correct. Regardless of whether the injury resulted in increased disability. If there was an injury, the presumption is triggered. As soon as there was an injury, the evidentiary burden shifts to the VA to show that either there was no increase as a result of that injury, or that it was the result of the natural progression. What's your authority for the former? The statutory language is very clear about natural progression of the pre-existing condition as a finding that would be required once the provision is triggered. But what is your authority for saying the former? Meaning the increase? Yes. Because of the way in which the statute is written. It says unless there was no increase. That is a requirement of evidentiary showing by the VA to come forward to show that the injury that occurred did not result in an increase in the pre-existing condition. And that plain language of 1153 is what's at issue here because you don't have to do anything more when you have evidence of an injury and an increase that is undisputed in the record. In 1984, they found that to be the fact. Those facts of both an injury and an increase based upon a period of hospitalization, both of which happened during the period of his active duty training, that triggered, as a matter of law, the presumption. Shifting the burden for them to come forward to either prove that there was no increase or What is the language that requires them to prove no increase as opposed to the veteran having to prove there was an increase? The unless phraseology of the statute. The statute says that the injury shall be presumed to have been aggravated unless there was no increase or there was a natural progression of the pre-existing condition. But in this case, Your Honor, although I think that that is something that needs to be interpreted in this statute, the misinterpretation made by the Veterans Court went to the lack of a requirement on the part of the VA to make a specific finding. And when the facts are undisputed, as they are in this case, as is corroborated by the 1984 Board decision itself, that there was an injury, there was a hospitalization, that hospitalization record shows an increase in pain from his pre-existing back condition a period out approximately 10 days after the injury was sustained. Clearly triggers the obligation on the part of the VA to go to the second prong of the presumption of aggravation, which is to come forward with a specific finding that it was the natural progression of that pre-existing condition and not the result of the injury that was sustained in service. There's no factual dispute that there was an injury. He was operating the forklift, it hit a pothole, he injured his back, he had some temporary problems there that then increased over time, and that increase is documented at page 43 of the Joint Appendix. Once that increase is documented to have occurred, you can't then superimpose an additional burden on the Veterans Court. I thought the Board found that there was not an enduring increase despite the initial pain and hospitalization after the forklift incident. Actually, what the Board decision that is on appeal found was that... The Court said that the 1984 Board concluded that an increase in the disability has not been demonstrated. That's right, Your Honor, and it had been demonstrated by the undisputed facts of record. This is a clear and unmistakable error claim, and he was entitled to rely upon the correct evidence as it existed. But the 2004 Board decision said there was no cue. That's correct, and they were wrong because they misinterpreted... But we can't review that, right? You can't review whether or not in affirming that determination there was a misinterpretation. And Judge Mischel, what the 2004 Board decision said was there was no permanent increase in severity. That's not the test. The word permanent doesn't appear in 1153. There's no requirement for a permanent increase in the severity. Well, I don't know what you mean by permanent, but if we turn it around and say there has to be more than an instantaneous increase, if I fall down the steps leaving the courthouse today for a minute or two, I'm going to be disabled, but I might be fine 5 or 10 minutes later and walk home. So it has to have some enduring quality. It might not have to be permanent, whatever we're implying by permanent, but it has to be more than momentary, and I think it has to be more than for a few days. And if all the record showed was the forklift injury, then Your Honor would be correct and Mr. Johnson's claim would have to fail. But during his period of active-duty training, he was hospitalized for an increase that resulted from the injury that had been sustained in your example. I thought he was hospitalized for pain, not disability. Disability, Your Honor, is what you're compensated for. Injury is what triggers the right to that compensation. There was an injury here and there was an increase in the pre-existing condition to his back. He had more back pain as a result of the forklift injury that happened, and that is documented by the March 30th... But you seem to be equating pain with increased disability or increased condition. I'm not so confident as you seem to be that they're one and the same. Well, Your Honor, I believe in this case they are, but I think as a general proposition they have to be considered as well because what the statute talks about in terms of an event that requires a finding of service connection is an injury or a disease. There is no requirement for a disability to be shown to have existed during the period of service. What is required is that there is either an injury or disease or an aggravation of a pre-existing condition. The facts are not in dispute that there was a pre-existing back condition. The facts are not in dispute that there was an injury during active duty training. And there is not a dispute in the record that there was an increase in his back pain as a result of the injury. The statute merely requires an injury and an increase in the pre-existing condition. The condition as it existed prior to the injury did not have this additional pain. The injury resulted, there was an increase in pain, and he is now, Your Honor, being compensated correctly by the VA. This is really an argument about whether or not he's entitled to an earlier effective date. We'll hear from the government. Mr. Dierberg. May it please the Court, I'd like to begin by addressing some misstatements by opposing counsel. The first is that the Board in 1984 and in 2004 did not find that there was not an increase in the disability. And that's exactly what the Board found in 1984 and the Board in 2004, looking at this as cue, found, and just to quote, the 1984 Board in the Joint Appendix, page 78, says, an increase in the disability during active duty for training has not been demonstrated. That is one of three findings of fact, or only three, and that's one of the three, is that there was no increase in disability. And essentially what... I understand Mr. Carper to be arguing, in essence, that the VA has to prove that there wasn't an increase once there's clearly been an accident. You seem to be saying, if I understand you from your brief, that the burden of proving the increase is on the veteran, not the veteran's department. Yes, Your Honor, this question of law has already been addressed and decided by this Court in Davis. In Davis, the Court held that in order to trigger the presumption of aggravation, first there must be a showing of an increase in disability. And the issue in that case was the person had a psychiatric disorder or condition, and the symptoms came and went. They weren't consistent. And the individual claimed that a temporary increase in symptoms was sufficient to trigger the presumption of aggravation. This Court in Davis said that's not right, that there has to be an enduring change in the underlying condition following the Veterans Court's decisions in cases like Hunt. But does Davis directly address the question of whose burden it is to show this? Well, Your Honor, I think it does. Yes, it says it's the veteran's obligation to show this. Obviously, under the veteran's system, the Veterans Administration provides assistance. But in order to trigger the presumption, there must be first a demonstration by the veteran with the assistance of the VA of an increase in disability. And the Board in 1984 explicitly found in one of three findings of fact that there was no increase in disability. And that really ends the matter. You said that hadn't been shown. Correct. Well, it had been shown by the veteran and also by the evidence presented. In other words, the veteran failed to carry his burden? No, Your Honor. Examining all the evidence that was presented, that there wasn't enough evidence to trigger the presumption of aggravation. Does the veteran have the burden or does the veteran not have the burden? We've got to get a few things straight here or we're not going to make any progress. Your Honor, the veteran does have that burden. And you say that's the holding of Davis? Yes, Your Honor. That is the holding of Davis. And then why are you disagreeing with Judge Lurie when he says that here the veteran failed to carry that burden in the eyes of the 1984 Board? Your Honor, I think that is correct. It is correct that he failed to carry that burden. I just think that there was assistance provided by the VA in obtaining evidence. But despite that, the burden is on the veteran. There's no argument being made here of a lack of assistance. So let's not introduce an extraneous, irrelevant consideration. This is not an assistance-related case. Yes, Your Honor. So the only legal issue is the argument decided by this Court in Davis. And that is that the presumption of aggravation is not triggered unless there is a demonstration of an increase in disability. The Board in 1984 explicitly found that there was no increase in disability. Mr. Johnson cannot challenge that factual determination in this Court. There's no jurisdiction for this Court to address factual challenges. And what he really is doing is seeking a factual challenge to the Court's decision. Is the question for the Board whether the disability increased or whether the condition, bad back condition, increased? Your Honor, I think that they are treated as the same. Both in Davis and the Veterans Court's earlier decisions in cases like Hunt that were cited with approval in Davis, that the change in the condition is treated as synonymous with disability. But the definition of disability is very different from injury. Disability is an inability to pursue your livelihood, to earn income based on an injury. And unlike or contrary to what Mr. Johnson stated, there is a difference between injury and disability. And you have to prove not only that there was some injury, but that this injury resulted in disability. I thought he agreed with you, not disagreed with you. He said there is a difference. He said, as I recall, that the disability is what you would have to prove to get money, but that to get service connection, you would only have to prove that the injury or condition was worsened during a period of active duty. I think what he said was that, as I understand it, and as I understand their brief, is that you only have to show that there was some injury, not necessarily an increase in disability. I think, you know, it's difficult to... He said you would have to show that the pre-existing injury or condition got worse. I would think you would agree with that. I think there is a lot of points that we agree on. We're just trying to identify which is which. You think that's the law, but you're not sure that that's what he was saying. Your Honor, it's really difficult to understand what exactly their position is, to be honest, because at points in their brief, they say they agree at points they state things that are contrary to what we state. For example, they say they're not disagreeing with our interpretation of Davis, that there has to be a showing of an increase in disability. I think, you know, putting aside what they are stating, it's very simple in this case. The law is clear under Davis that there has to be a showing of an increase in disability. And there was a fine in 1984, that there was no demonstration of an increase in disability. And then in 2004, the Board, in looking at this from the standpoint of Q, clear and unmistakable error, looking at facts as they were in 1984, stated the net result of all this is that the Board had a rational basis in 1984 for concluding that the lumbar spine disorder began prior to the claimant's 1982 active duty for training and there was no permanent increase in severity in the underlying pathology of this disorder during that active duty for training. That's in page 23 of the joint appendix. So the 84 Board found that there was no increase. The 2004 Board said there was a great rational basis for this, and there was no determination. Do we have any jurisdiction over an issue here? I think he raised a legal issue but then he didn't dispute the legal issue which is about when there is a triggering. So I think the answer is yes but that issue is clearly decided by Davis. To the extent that he raises a factual issue, there is no jurisdiction for that factual issue. These reasons we request that the Court confirm the decision of the Veterans Court. All right, thank you Mr. Carpenter, you have three minutes. Mr. Johnson is attempting to get a revision of the 1984 Board decision and in so doing he is entitled to demonstrate that the correct facts were before the Board and that the law was not correctly applied to those facts. The finding pointed to by the government regarding the 1984 Board decision is what is at issue in his claim for revision? That requires an interpretation of the presumption of salience. So it does become a question of whose burden is it? It is not the Veterans burden, it is the Veteran can rely upon the undisputed evidence of an injury which aggravated a pre-existing condition. That triggers the presumption. At that point the burden must shift to the government to either come forward and show there was no increase or to point to a specific finding. The whole question about increase was not the basis of the interpretation made below, although it was part of the rationale given. What Judge Lance said below was, is there was no obligation to point to evidence of natural progression, but there clearly is. So it is a question here of whether the presumption was or wasn't triggered, and if it was triggered, then the burden shifts to the government. Judge Carpenter, the presumption of aggravation takes care of the causation question, isn't that right? That's correct. That's what it's all about. Yes. What you really want us to do is to add a presumption on top of the presumption, so that we not only have a presumption of causation, but a presumption of injury. Because the injury, suppose there had been a lump on the head. It would be sufficient, Your Honor, A lump on the head would be enough to trigger the presumption of aggravation to a back injury. Well, possibly it could, depending upon what the medical evidence said. As in this case, if there had been a lump on the head, and then ten days later he was hospitalized, and he had increased pain in his back that was related to the injury which was sustained with the lump on the head, then yes, that would have triggered it. But those are not the facts here. He didn't have a lump on the head. He had a pain in his back. He had a pre-existing condition which existed before he went on active duty for training. He had an injury. That injury resulted in additional increase in his pre-existing condition. Once the injury and the increase are uncontested in the record, the presumption triggers. Regardless of what they said in 1984, they can't change that fact. Once that fact happens, you then have to trigger the presumption and shift the burden directly to the government. Thank you very much. We thank you both. The case is submitted.